```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF RHODE ISLAND
```

_____
                                           )
EMHART INDUSTRIES, INC.,                   )
                                           )
        Plaintiff,                         )
                                           )
    v.                                     )   C.A. No. 11-023 S
                                           )
UNITED STATES DEPARTMENT OF THE AIR        )
FORCE; UNITED STATES DEPARTMENT OF THE     )
NAVY; UNITED STATES DEPARTMENT OF          )
DEFENSE; MICHAEL B. DONLEY, in his         )
official capacity as Secretary of the      )
United States Department of the Air        )
Force; RAY MABUS, in his official          )
capacity as Secretary of the United        )
States Department of the Navy; ROBERT M.   )
GATES, in his official capacity as         )
Secretary of the United States             )
Department of Defense; and THE UNITED      )
STATES OF AMERICA,                         )
                                           )
        Defendants.                        )
_____)

**OPINION AND ORDER**

WILLIAM E. SMITH, United States District Judge.

Before the Court is a motion to dismiss four out of the five counts in the amended complaint (the "Complaint") in this case. For the reasons set forth below, the motion is granted in part and denied in part.

I.   Background

Plaintiff Emhart Industries, Inc. ("Plaintiff" or "Emhart") brought this suit against various branches of the United States

military (the "Defendants" or the "government"), including the Air Force and the Navy, seeking damages and a declaratory judgment with respect to dioxin contamination alleged to be the responsibility, in whole or in part, of Emhart at the Centredale Manor Superfund Site in North Providence, Rhode Island (the "Site"). More specifically, Emhart's complaint sets forth the following five counts: (1) cost recovery under section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"); (2) contribution under section 113(f) of CERCLA; (3) divisibility, a declaration that the contamination at the Site is divisible and Emhart is responsible for no more than its divisible share; (4) equitable indemnity; and (5) declaratory judgment.

Defendants have moved to dismiss all but the contribution claim.

II. Discussion

In ruling on a motion to dismiss, the Court accepts all well-pleaded facts on the face of the complaint as true and draws all reasonable inferences in favor of the non-moving party. McCloskey v. Mueller, 446 F.3d 262, 266 (1st Cir. 2006).

 A. 107(a) Cost Recovery

Defendants contend that Emhart cannot bring a section 107(a) claim for cost recovery because, pursuant to

administrative settlements it has entered into with the Environmental Protection Agency (the "EPA"), section 113(f) contribution is now Plaintiff's exclusive remedy.

In United States v. Atlantic Research Corp., the Supreme Court observed that there is a potential for overlap between the two remedies: "We do not suggest that §§ 107(a)(4)(B) and 113(f) have no overlap at all. . . . [A]t a minimum, neither remedy swallows the other, contrary to the Government's argument." 551 U.S. 128, 139 n.6 (2007); see also Agere Sys., Inc. v. Advanced Envtl. Tech. Corp., 602 F.3d 204, 227 (3d Cir. 2010); Solutia, Inc. v. McWane, Inc., 726 F. Supp. 2d 1316, 1338 (N.D. Ala. 2010). The Supreme Court did not further expound on the nature or scope of that "overlap."

At this stage of the litigation, and with an EPA Record of Decision for the Site still to come, the Court cannot foreclose the possibility that the overlap contemplated by the Supreme Court in Atlantic Research could apply to Emhart. Emhart has made it clear to the Court that, at a minimum, it pleads in the alternative to ensure that it will be able to recover for its cleanup efforts at the Site, and it is entitled to do so. See Fed. R. Civ. P. 8(a)(3). Accordingly, the government's motion to dismiss as to the section 107(a) cost recovery claim is denied.

B. Divisibility

Defendants contend that divisibility is a defense to joint and several liability, that Emhart cannot assert it affirmatively against the Government, and that an affirmative divisibility claim would be barred by section 113(h), which precludes pre-enforcement review of EPA response actions. During the hearing on the government's motion, Emhart stated that it asserted a divisibility claim because it plans to seek, if appropriate, a geographic apportionment of responsibility at the Site. The Court is satisfied that such an apportionment could be accomplished at trial, in consideration of Emhart's other CERCLA claims. The government's motion is therefore granted as to the divisibility claim, and that claim is dismissed without prejudice to Emhart's right to assert divisibility at some future date as it may be appropriate.

C. Equitable Indemnity

Defendants argue that equitable indemnity sounds in tort and that Plaintiff failed to comply with the Federal Tort Claims Act ("FTCA") and in the alternative that, if equitable indemnity sounds in contract, Plaintiff has failed to establish a waiver of sovereign immunity.

Emhart bears the burden of proving this Court's jurisdiction to entertain its equitable indemnity claim. See

4

Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995) ("[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence." (internal quotation marks and citation omitted)); see also Skwira v. United States, 344 F.3d 64, 71 (1st Cir. 2003). Since Emhart argues that its claim does not sound in tort, it does not contend that it has complied with the FTCA. Assuming arguendo that Emhart is correct that equitable indemnity sounds in contract, the claim is most properly characterized as one based on contract implied by law. See A and B Constr., Inc. v. Atlas Roofing & Skylight Co., 867 F. Supp. 100, 105 (D.R.I. 1994) ("Although indemnity implied-in-law is based on quasi-contract, . . . indemnity is an obligation conceived independently of an underlying tort and, therefore, follows contract principles."); see also 55 Motor Ave. Co. v. Liberty Indus. Finishing Corp., 885 F. Supp. 410, 415 n.1 (E.D.N.Y. 1994) ("The government includes the claim for equitable indemnity as a tort, however, it is more appropriately deemed a contract implied by law."). As such, Emhart would still need to show a waiver of sovereign immunity.

In both its Complaint and in its response to the government's motion to dismiss, Emhart points only to 42 U.S.C. § 9620(a)(1) as the basis for waiver. While that provision

5

expressly provides a waiver of sovereign immunity for CERCLA claims, Emhart has marshaled no authority for the proposition that it also provides a waiver for related common law claims. See 42 U.S.C. § 9620(a)(1) ("Each department, agency, and instrumentality of the United States . . . shall be subject to, and comply with, this chapter . . . .") (emphasis added); see also Murphy, 45 F.3d at 522 ("In general, statutes waiving sovereign immunity should be strictly construed in favor of the United States."). Without more, Emhart fails to meet its burden of proving this Court's jurisdiction. See Murphy, 45 F.3d at 522. The government's motion to dismiss as to the equitable indemnity claim is granted; the claim is dismissed without prejudice.

    D.   Declaratory Judgment

Defendants argue that Emhart's claim for declaratory judgment should be dismissed to the extent that its other claims are dismissed and that CERCLA does not provide for declaratory judgment with respect to a section 113(f) contribution claim.

Even though CERCLA's declaratory judgment provision, 42 U.S.C. § 9613(g)(2), does not expressly provide for declaratory relief for a contribution action, the First Circuit has held that the provision applies to contribution claims for both past and future response costs. United States v. Davis, 261 F.3d 1,

6

47 (1st Cir. 2001) ("[W]e find that § 9613(g)(2) applies to § 9613(f) contribution actions for both past and future response costs. . . ."). Accordingly, the motion to dismiss is granted as to the declaratory judgment claims corresponding to the divisibility and equitable indemnity claims, but it is denied as to the declaratory judgment claims with respect to Emhart's 107(a) cost recovery claim and contribution claim.

III. Conclusion

For the foregoing reasons, the motion to dismiss is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date: October 31, 2011