UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC., ) | |
| ) | |
| Plaintiff/Counterclaim Defendant, ) | |
| ) | |
| v. ) | C.A. No. 06-218 S |
| ) | |
| NEW ENGLAND CONTAINER ) | |
| COMPANY, INC., ET AL., ) | |
| ) | |
| Defendants/Counterclaim Plaintiffs. ) | |
| ) | |
| ) | |
| EMHART INDUSTRIES, INC., ) | |
| ) | |
| Plaintiff/Counterclaim Defendant, ) | |
| ) | |
| v. ) | C.A. No. 11-023 S |
| ) | |
| UNITED STATES DEPARTMENT OF ) | Consolidated |
| THE AIR FORCE, ET. AL., ) | |
| ) | |
| Defendants/Counterclaim, Crossclaim, ) | |
| and Third-Party Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| BLACK & DECKER, INC., ET AL., ) | |
| ) | |
| Third-Party Defendants. ) | |
| ) | |

**STIPULATION REGARDING
UNITED STATES' PAST RESPONSE COSTS**

The United States and Black & Decker Inc. and Emhart Industries, Inc. ("Emhart"[1])

stipulate to the following:

---

[1] "Emhart" is used in this Stipulation to refer to Black & Decker Inc. and Emhart Industries, Inc., collectively.

1

1.  The United States claims it has incurred and paid a total of $41,248,492.38 in response costs, without interest, related to the Centredale Manor Restoration Project Superfund Site ("Site") through September 30, 2015 ("Past Response Costs"). These Past Response Costs are further detailed in Attachment A, "Itemized Cost Summary" dated May 3, 2016. Past Response Costs do not include any costs incurred by the United States after September 30, 2015 and any such costs incurred are future response costs.

2.  The United States is entitled to recover indirect costs as part of its Past Response Costs. For purposes of Past Response Costs only, Emhart does not contest any indirect cost rates or the methodology used to calculate those rates.

3.  The United States is entitled to recover annual allocation costs as part of its Past Response Costs. For purposes of Past Response Costs only, Emhart does not contest any methodology used to calculate annual allocation costs.

4.  The United States is entitled to recover prejudgment interest as part of its Past Response Costs. For purposes of Past Response Costs only, Emhart does not contest any rate or the methodology used to calculate prejudgment interest.

5.  The United States is entitled to recover enforcement costs, including costs incurred by the Department of Justice in this case, as part of its Past Response Costs.

6.  The United States has received $12,476,300.57 in collections related to the Site.

7.  The United States will credit Emhart for the $12,476,300.57 it has received in collections related to the Site, leaving $28,772,191.81 in outstanding Past Response Costs as of September 30, 2015.

8.  The United States' Prejudgment Interest claim on $28,775,260.75 in Past Response Costs, excluding the credit for collections, totals $6,055,188.12.

9. Including interest, and excluding the amount of collections, the United States claims it has incurred $34,827,379.93 in outstanding Past Response Costs related to the Site through September 30, 2015.

10. The $34,827,379.93 in outstanding Past Response Costs are adequately documented and accurately accounted for, and Emhart does not contest that these costs are recoverable by the United States.

11. The $34,827,379.93 in outstanding Past Response Costs were for response costs not inconsistent with the National Contingency Plan, and Emhart does not claim that these costs were inconsistent with the National Contingency Plan.

12. Subject to the limitations below, Emhart agrees to pay $32,000,000 in Past Response Costs following the entry of a final judgment holding Emhart liable under § 107(a) of CERCLA and Emhart's exhaustion of all appeals concerning such a judgment. If, following any appeal, the nature of Emhart's liability is remanded to the District Court by an appellate court and the District Court enters a final judgment holding Emhart not jointly and severally liable under § 107(a) of CERCLA, and the parties have exhausted any appeals from such a final judgment, Emhart does not agree to pay $32,000,000 in Past Response costs as required by this paragraph but instead will make such payment as ordered by the District Court in such a final judgment.

13. Emhart reserves all rights to appeal any issue concerning such a judgment. Emhart will not at any time, however, challenge or seek to modify the amount of Past Response Costs agreed to in this Stipulation.

14. This Stipulation does not affect the operation of Federal Rule of Appellate Procedure 37 regarding "Interest on Judgment."

15. The United States agrees that such a $32,000,000 payment by Emhart, following the entry of a final judgment holding Emhart liable under § 107(a) of CERCLA and Emhart's exhaustion of all appeals concerning such a judgment, will satisfy the United States' claim for Past Response Costs from Emhart through September 30, 2015.

16. Emhart Reserves the right to challenge any other response costs claimed by the United States at any time, and the United States acknowledges that nothing agreed to in this Stipulation may be used to in any way alter Emhart's rights to challenge any other such response costs.

Respectfully submitted,

JOHN C. CRUDEN
Assistant Attorney General
Environment and Natural Resources Division

Dated: 1/13, 2016

JEROME MACLAUGHLIN
LAURA ROWLEY
MYLES FLINT
RICHARD GREENE
Attorneys
Environment and Natural Resources Division
Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington, DC  20044-7611
Telephone:    (202) 616-7162
Facsimile:    (202) 616-2427
E-Mail:       jerry.maclaughlin@usdoj.gov


PETER F. NERONHA
United States Attorney

RICHARD MYRUS
Assistant United States Attorney
District of Rhode Island

4

50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
Telephone:    (401) 709-5000
Facsimile:    (401) 709-5017
E-Mail:    richard.myrus@usdoj.gov


Joseph W. Hovermill (*Pro Hac Vice*)
Joseph L. Beavers (*Pro Hac Vice*)
Richard M. Brodsky (*Pro Hac Vice*)
MILES & STOCKBRIDGE P.C.
100 Light Street
Baltimore, MD 21202
Telephone:    (410) 385-3442
Facsimile:    (410) 385-3700
E-Mail:    jhovermi@milesstockbridge.com


Jerome C. Muys, Jr. (*Pro Hac Vice*)
Jeffrey M. Karp (*Pro Hac Vice*)
Van P. Hilderbrand Jr. (*Pro Hac Vice*)
SULLIVAN & WORCESTER LLP
1666 K Street NW
Washington, DC 20006
Telephone:    (202) 370-3920
Facsimile:    (202) 293-2275
E-Mail:    jmuys@sandw.com


Rachelle R. Green (#5870)
DUFFY & SWEENEY, LTD.
1800 Financial Plaza
Providence, RI 01903
Telephone:    (401) 455-0700
Facsimile:    (401) 455-0701
E-Mail:    rgreen@duffysweeney.com